UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MICHAEL EDWARD HERROD, | Case No. 3:26-cv-00217-MMD-CSD |
| Petitioner, | ORDER |
| v. | |
| BORGAS, *et al.*, | |
| Respondent. | |

*Pro se* Petitioner Michael Edward Herrod has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1-1 ("Petition")), a motion for leave to proceed *in forma pauperis* (ECF No. 1 ("IFP Motion")), and a motion for appointment of counsel (ECF No. 1-2 ("Motion for Counsel")). The Court finds that good cause exists to grant the IFP Motion. And, following an initial review of the Petition under the Rules Governing Section 2254 Cases ("Habeas Rules"), the Court directs service of the Petition and grants the Motion for Counsel.

I.    BACKGROUND[1]

Herrod challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. *State of Nevada v. Michael Herrod*, C-17-323023-1. On April 5, 2018, the state court entered a judgment of conviction, following a jury trial, convicting Herrod of first-degree kidnapping resulting in substantial bodily harm, battery resulting in substantial bodily harm constituting domestic violence, two counts of attempted murder, two counts of attempted battery resulting in substantial bodily harm constituting domestic violence, trafficking a controlled substance, and two counts of preventing or dissuading a witness from testifying or producing evidence. Herrod was

---

[1]The Court takes judicial notice of the online docket records of the Eighth Judicial District Court, accessible at https://perma.cc/Y5GT-CXTV, and the Nevada appellate courts, accessible at https://perma.cc/8Z7K-G6GZ.

sentenced to life in prison with the possibility of parole after 45 years. Herrod appealed, and the Nevada Supreme Court affirmed on July 10, 2019. *Michael Edward Herrod v. State of Nevada*, No. 75505.

Herrod filed a state habeas petition on February 26, 2020. *Michael Herrod v. William Gittere*, A-20-811252-W. The state court denied Herrod's petition on February 7, 2025. Herrod appealed, and the Nevada Court of Appeals affirmed on February 27, 2026. *Michael Edward Herrod v. William Gittere*, No. 90098-COA. Remittitur issued on March 20, 2026.

## II.    DISCUSSION

Habeas Rule 4 requires the assigned judge to examine a habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). The Court finds that service of the Petition is warranted.

The Court now turns to Herrod's Motion for Counsel. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)). An indigent petitioner may request appointed counsel to pursue that relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id*. (authorizing appointed counsel when "the interests of justice so require"). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

2

The Court provisionally appoints the Federal Public Defender to represent Herrod. The Court finds that the appointment of counsel is in the interests of justice given Herrod's life sentence and the complex issues raised in this case.

**III.    CONCLUSION**

It is therefore ordered that the IFP Motion (ECF No. 1) is granted.

It is further ordered that the Motion for Counsel (ECF No. 1-2) is granted.

The Clerk of Court is directed to file the Petition (ECF No. 1-1), add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents, and electronically provide Respondents' counsel a copy of this Order and all items previously filed in this case by regenerating the Notices of Electronic Filing.

The Clerk of Court is further directed to send the Federal Public Defender a copy of this Order and the Petition (ECF No. 1-1) and (5) send a copy of this Order to Herrod and the CJA Coordinator for this division.

It is further ordered that Respondents' counsel enter a notice of appearance within 7 days of entry of this Order. No further response will be required until further order.

It is further ordered that the Federal Public Defender is provisionally appointed as counsel and will have 30 days to (1) undertake direct representation of Herrod by filing a notice of appearance or (2) indicate the office's inability to represent Herrod in these proceedings. If the Federal Public Defender is unable to represent Herrod, the Court will appoint alternate counsel. Appointed counsel will represent Herrod in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance.

It is further ordered that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Herrod remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the Petition and/or by granting any extension thereof, the Court makes no finding or representation that the

Petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

DATED THIS 27th Day of March 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

4